**In the Matter of W. C. R., III.**

**No. 6398.**

District of Columbia Court of Appeals.

Argued Oct. 3, 1972.

Decided Nov. 29, 1972.

Henry G. Beauregard and Thomas J. Touhey, Washington, D.C., for appellant.

E. Calvin Golumbic, Assistant Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PER CURIAM:

This is an appeal from an adjudication of delinquency based upon a finding by the trial court that appellant sold narcotics in violation of D.C. Code 1967, § 33–402(a). Appellant argues first that the trial court under the particular facts and circumstances of this case abused its discretion by refusing to require the key government witness, a police cadet who had posed as a high school student while making narcotics buys, to identify him at a lineup prior to trial. *See generally* United States v. King, 149 U.S.App.D.C. 61, 461 F.2d 152 (1972); United States v. Ravich, 421 F.2d 1196, 1202–1203 (2nd Cir. 1970).

The particular facts in this case justifying a lineup, according to appellant, are (1) a delay of several months between the offenses (September 20, 22, 23 and November 23) and his identification at the time of his arrest (January 17), (2) the three-month lapse between the offense (November) and his in-court identification (February), (3) the inherent suggestiveness of any in-court identification and the officer's admission that he viewed a photo of appellant after his arrest but before trial, and (4) the discrepancy between the officer's description of appellant's height and weight (a) in the reports prepared contemporaneously with the narcotics buys and (b) in his testimony at trial.

There was evidence that the undercover officer (a) saw appellant at school on some 15 occasions, in addition to the four times he bought narcotics from him, (b) was introduced to appellant by proper name as well as nickname, and (c) identified him as the seller of narcotics in January, just prior to appellant's arrest by other officers. After reviewing the entire record we conclude that the trial court did not abuse its discretion in denying appellant's request for a pre-trial lineup.

Appellant also argues that the government's delay in "surfacing" the undercover officer from the dates of the offenses (September and November 1971) until the date of the arrest (January 1972) prejudiced his defense at trial. We note that the time lag, at worst, did not exceed four months; appellant's ability to present his defense does not on this record appear to have been impaired by the delay;[1] and the undercover officer's technique of identi-

---

1. Appellant in his testimony admitted that he had seen the cadet on several occasions at school and had one of the nicknames by which the undercover officer knew him. However, he denied selling narcotics to him and suggested, together with one of his witnesses, that another student with the same last name was the culprit. The trial court characterized the case as turning wholly on whether the cadet or appellant was to be believed.

fying appellant as the seller of narcotics, based primarily upon multiple contacts with him at the same school, seems reasonably reliable. Under these particular circumstances we find no violation of the rule enunciated in Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), and recently reviewed in Robinson v. United States, 148 U.S.App.D.C. 58, 459 F.2d 847 (1972).

Affirmed.